| | |
|---|---|
| Schweet Linde & Rosenblum, PLLC<br>575 S. Michigan St.<br>Seattle, WA 98108<br>P: (206) 275-1010  F: (206) 381-0101 | Judge: The Honorable Timonthy W. Dore<br>Chapter 13<br>Location: Seattle<br>Hearing Date: July 17, 2024<br>Hearing Time:  9:30am |

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>KALAMA TAKAI<br><br>Debtors. | Case No.: 24-11050-TWD<br><br>LANGE FAMILY PROPERTY TRUST'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND CERTIFICATE OF SERVICE THEREOF |

COMES NOW, Lange Family Property Trust (the "**Trust**") submits this reply in support of its Motion for Relief from Stay, *Dkt 28* "**Motion**") to address issues raised in the Debtor's Response to Motion for Relief from Automatic Stay, *Dkt 35* ("**Debtor Response**"), and the Declaration of Codebtor Sani Fonua in Response to Motion for Relief from Stay by Lange Family Property Trust ("**Fonua Response**"), *Dkt. 36* (together collectively the "**Responses**").

## I. INTRODUCTION

The Trust filed its Motion on June 27, 2024. Debtor filed a Response to the Trust's Motion on July 9, 2024. The property subject to the Motion is the Trust's security interest in real property pledged by Kalama Takai ("**Debtor**") and Sani Fonua ("**Fonua**") commonly known as 2308 S.

REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM STAY – 1

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010  F (206) 381-0101

136th St. Seatac, WA, 98168 ("**Non-Profit Property**") and 8426 S. 134th St. Seattle, WA 98178 ("**Residence**") (collectively with the Non-Profit Property the "**Properties**" and each a "**Property**"), legally described in the Deed of Trust attached to the Trust's filed claim ("**Claim 3**"). The Trust has cause for relief because the insurance certificate provided by the Debtor for the Non-Profit property is deficient because (1) it is not in an amount sufficient to comply with the requirements of the DOT[1]; (2) the insurance certificate does not list the Trust as an additional insured, as required by the DOT; and (3) the insurance certificate appears to have been procured based on a representation the Non-Profit Property is Debtor's primary residence despite the Debtor listing the Residence as his primary residence in his petition. Because the insurance provided by the Debtor is insufficient to adequately protect the Trust relief from the Automatic Stay is appropriate, and the Motion should be Granted.

## II. REPLY

a. <u>*The Trust remains unprotected because the Insurance that Debtor provided is deficient.*</u>

In the Response, the Debtor provided a Certificate of Insurance ("**Certificate**") for the Non-Profit Property, *ECF, 35-1,* however, this insurance is deficient in three regards.

First, the amount of coverage is not sufficient. The DOT requires insurance for the full amount of the amount due under the Note. *Claim 3* at 9. The amount of coverage indicated in the Certificate to protect the Trust's interest is $220,000.00 ($200,00 for the "Dwelling" and $20,000 for "Other Structures"). *Certificate* at 2. The full amount of the debt as of the date of the bankruptcy filing on April 30, 2024 was $346,769.79. *Claim 3*. Though the Certificate provides coverage for loss of personal property and other events, these amounts would not serve to protect the Trust's

---

[1] Capitalized terms shall have the same meaning ascribed to them in the Motion unless otherwise defined herein.

REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM STAY – 2

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010  F (206) 381-0101

interest in the Non-Profit Property. The delta between the coverage in the Certificate and the amount owed to the Trust leaves the Trust inadequately protected[2].

Second, the Certificate does not list the Trust as an additional Loss Payee, as required by the DOT. *Claim 3* at 9. This leaves the Trust's interest inadequately protected because any insurance check could be negotiated by the Debtor without the Trust's approval or even notification. Any protection the insurance coverage evidenced by the Certificate is inadequate because the Trust is not listed as a loss payee.

Finally, the insurance is insufficient because the Certificate of Insurance describes the Non-Profit Property as the Debtor's primary residence. *Certificate* at 1. The Debtor's primary residence is 8426 S. 134th St. Seattle, WA 98178, as listed in his Voluntary Petition. *Dkt 1* at 2. This is confirmed in the Fanua Response through the detailed recitation of the use of the Non-Profit-Property. *See generally Fanua Response*. A misrepresentation regarding the use of the Non-Profit Property could be a basis for denial of any claim made for a casualty event. This risk of loss without insurance coverage is another reason the insurance evidenced by the Certificate leaves the Trust's interest inadequately protected.

Based on the foregoing reasons, the foregoing reasons, the Motion should be granted because pursuant to §362(d)(1) due to the lack of adequate protection of the Trust's interest in the Properties.

b. <u>Undersigned Counsel for the Trust has returned the undeposited Check to Debtor's Counsel.</u>

The Response indicates there was payment that was sent to the Trust that has not been credited in the payment history included with the Lange Dec. filed at *Dkt. 29*. This issue has been

---

[2] If the other two issues with the Certificate are sufficiently resolved, the Trust would consider the coverage Debtor has obtained sufficient protection.

REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM STAY – 3

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010  F (206) 381-0101

addressed as undersigned Counsel's office mailed to Debtor's counsel the undeposited check on July 8, 2024. However, the Trust has concerns regarding the Debtor's ability to both provide the necessary payments to the Trust and to maintain the insurance required by the DOT.

### III. PRAYER FOR RELIEF

For the foregoing reasons, and the reasons identified in the Motion, the Trust is entitled to relief from the Automatic Stay so that the Trust may move forward with allowing it to proceed with any and all state remedies incident to its security interest in the Properties as stated in the Proposed Order filed with the Trust's Motion. Furthermore, the Trust has established cause entitling it to a waiver of the 14-day stay ordinarily applicable to orders granting relief from the Automatic Stay.

Respectfully submitted July 11, 2024.

SCHWEET LINDE & ROSENBLUM, PLLC

/s/ Deena L. Reynolds
Michael M. Sperry, WSBA #43760
Deena L. Reynolds, WSBA #59684
Thomas S. Linde, WSBA # 14426
*Attorneys for Lange Family Property Trust*

### CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury of the laws of the State of Washington that on July 11, 2024 a true and correct copy of the forgoing document was filed electronically with the Western District of Washington that will initiate e-service of the forgoing document to the following:

Jesse A P Baker on behalf of Interested Party Courtesy NEF
ecfwawb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

Joy Lee Barnhart on behalf of Interested Party Sani Fonua
ecf@joybarnhart.com

Tom S Hyde on behalf of Debtor Kalama Takai

REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM STAY – 4

SCHWEET LINDE & ROSENBLUM, PLLC
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010  F (206) 381-0101

wlctacoma@gmail.com, HydeTR83459@notify.bestcase.com

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

Jason Wilson-Aguilar
courtmail@seattlech13.com

Dated this 11th day of July, 2024 at Bellevue, Washington

                               */s/ Deena L. Reynolds*
                               Deena L. Reynolds

REPLY IN SUPPORT OF MOTION
FOR RELIEF FROM STAY – 5

***Schweet Linde & Rosenblum, PLLC***
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010  F (206) 381-0101