Judge: Timothy W. Dore
Chapter: 13
Hearing Date: October 2, 2024
Hearing Time: 9:30 AM
Hearing Location:
    U.S. Bankruptcy Court
    700 Stewart St #8106
    Seattle, WA 98101
Response Date: September 25, 2024

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:
KALAMA TAKAI,

                Debtor.

IN CHAPTER 13 PROCEEDING
No. 24-11050-TWD

OBJECTION TO MOTION TO WITHDRAW

Jason Wilson-Aguilar, Chapter 13 Trustee, objects to the motion of debtor's counsel to withdraw as attorney in this proceeding (ECF No. 53). Counsel for the debtor filed the motion just five days after confirmation of a plan. The Trustee raises the following concerns with regard to the motion:

(1) There is no evidence that the debtor has requested that his attorney withdraw. Rather, it appears that counsel has made the decision that he no longer wishes to act as the attorney in the case now that a plan has been confirmed and his presumptive fee has been earned.

Rule 1.16 of the Washington State Rules of Professional Conduct provides that a lawyer may withdraw from representation of a client if:

> "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

OBJECTION - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Counsel for the debtor has not established that he meets any of these specific criteria, nor has he established that good cause for withdrawal exists. In fact, the debtor will most likely be materially adversely affected if he must continue in this case pro se.

Given that Chapter 13 bankruptcy cases last up to 60 months, it is not fair to the debtor for counsel to leave the case simply because the first hurdle in the case, i.e. confirming a plan, has been overcome and he simply does not wish to continue to assist the debtor.

(2) The proof of service with the motion (ECF No. 55) states that the motion was served to a court mailing matrix, but no matrix is attached to the proof of service. Local Bankruptcy Rule 2002-1(e) provides that notice is presumed to be adequate if the motion is mailed to all creditors on the master mailing matrix maintained by the Court that is obtained within 7 days of mailing, as evidenced through attaching the timely-downloaded matrix that was used. It is not clear if adequate notice of the motion was provided without an attached matrix.

(3) If possible, the debtor should appear at the hearing on the motion, so that the Court can ascertain the debtor's position on this issue and ensure he understands the ramifications if his attorney withdraws.

The Trustee reserves the right to assert additional bases for his objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny the motion.

Dated this 25th day of September, 2024

> */s/ Emily A. Jarvis*, WSBA #41841 for
> Jason Wilson-Aguilar
> Chapter 13 Trustee

OBJECTION - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282